Curia, per
O’Neall, J.
The statute of New York, 2 Revised Statutes, 377, provides, in its first section, that “ in actions against two or more persons, upon any joint obligation,, contract or liability, if the process issued against all the "defendants,, shall have been duly served upon either of them, the ^defendant’ so served shall answer to the plaintiff, and in such case,' the judgment, if rendered in favor of the plaintiff, shall’ lie against all the defendants, in the same, manner ás if all had been served with process.”
In the second section, it is provided, “ such judgment shall be conclusive evidence of the liability of the defendant, who was personally served with process in the suit, or who appeared therein, but against every other defendant, it shall be evidence only of the extent of the plaintiff’s demand, after the liability of such defendant shall have been established by other evidence.”
The 3d and 4th sections are intended to so regulate the execution to be issued under such judgment, as to give it full force and effect against the defendant served, but to protect from its operation the defendant not served, in person and property, except so far as he might be interested in property belonging, in partnership, to him and the defendant served.
Reading the statute, without the aid of note or comment, I do not perceive how there ever could have been a dispute, that as against the defendant, the judgment was any thing more than one in form, and that in substance it concluded nothing against the person not served. For the provisions “against every other defendant, it shall be evi *165 dence only of the extent of the plaintiff’s demand, after the liability of such defendant shall have been, established by other evidence,” plainly shows, that it was intended only as a final judgment against the defendant served, and that every thing was left open against the other. If this was not so, why was it provided that it should not even be evidence of the extent of the plaintiff’s demand, until after his liability was established by evidence'? This was putting the plaintiff to prove his case from the beginning. When this is so, there can be nothing like a judgment in its appropriate legal sense. For, according to that, it is the final evidence of the Court on the rights of the parties. Here, however, the whole matter is yet to be sifted, before the Court can decide that the defendant is at all liable. Ré-ferring, however, to the New-York cases^aj^^jJtópg governed by them alone, I apprehend t]«fT=mef'3S^^4psul t will be obtained. u'ér'’
In Carman vs. Townsend, 6 Cowan, 695, (jP^g^^end. 206, it was ruled by the Supreme CoM^tj^dwourt ofiEr-rors, that on such judgment, an aclion of be maintained against the defendant no^ii^^w*Yliarthis conclusion was adopted, more to savhfc^rcmexyto the plaintiff againt the defendant, than any thing sise, is apparent from the reasoning of Chancellor Walworth, in the Court of Errors, (6 Wend. 209.) For he holds, that the original promise was merged in the judgment, and hence, if the plaintiff could not maintain in form an action of debt founded on the judgment, he would be without remedy. After examining the subject, he concludes “the legislature unquestionably had no other object in view, than to save useless expense, and at the same time, to protect the rights of the absent defendant in that suit, without discharging his liability to the plaintiff, in an action on the judgment.” He then goes on to answer the objection, that this conclusion would deprive the defendant of his defence, and remarks, “ it has never yet been decided, that by a course of pleading, adapted to the particular case, the defendant, who is arrested in a suit on such judgment, may not avail himself of any defence, which it would have been competent for him to urge in the original action, had he been brought into Court.”
*166 In Halliday vs. M’Dougall, 22 Wend. 270, the Chancellor said, “when an action is brought against several persons, as joint debtors, all of whom appear and deny their joint indebtedness, the plaintiff is obliged to make out, by legal evidence against each, not only that he is personally liable for the debt, but also, that he is jointly liable, with all his co-defendants; but when part of the defendants admit their individual and joint liability, either by their pleading or otherwise, or when they are outlawed, or proceeded against as absentees, by a return of’the capias, by the sheriff, as to them not found, or tliat no personal judgment can be rendered in the suit against them, on their individual property, the plaintiff is only to produce evidence, which will be sufficient, as against those who appear and defend the suit, to establish their joint liability, with their co-defendants.”
After these expositions of the statute, by an eminent New-York jurist, sustained by the Supreme Court and the Court of Errors, I do not perceive how it could be pretended there, that the defendant not served, when arrested, could not plead the statute of limitations to the action. For it is a defence, shewing that the defendant is not now liable to be charged with the original debt. It is a matter not at all concluded by the former recovery. For the party now setting it up, was not before the Court, and it follows, if it was not necessary that there should be proof in the former suit to charge him, none of his rights can be, by the conclusion of that suit, in any way affected. But when to this is added, the fact that the statute was intended merely to enable the plaintiff at law, to collect his debt, if he could, out of the parties served,-but at the same time, to protect the rights of the absent parties, there would seem to Ire no room to doubt, that by proper pleading in an action of debt on that judgment, in the State of New-York, any defence might be set up by the defendant, not served in the original case, which it would be competent for him to make to that case, if it was now to be tried. Indeed, I think, the true view in New York, is to regard the defence by the defendant, to the action on the judgment, in the same point of view, as if the original action was trying, *167 and considered as commenced against the defendant when he was served.with process.
But, he this as it'may, it is very clear, that the judgment' thus obtained in New York, can have no extra-territorial effect. For, as against the party not served, it cannot be regarded as a judgment, further than as a mere means by which the partnership effects in New York, are made liable to the joint debt. In this respect, it is analogous to judgments in attachment, or decrees pro confessso, against absent defendants in equity. The principle here advanced, is very fully illustrated and enforced, in Miller vs. Miller, 1st. Bail, 242.
In Buckner vs. Archer, 1 McMull, 85, 86, where the question was as to the validity of an Ordinary’s decree, against a defendant residing out of the State, Earle, J. in pronouncing the judgment of the Court said, “it is essential to the validity of a judgment, that the Court should have jurisdiction of the person and the subject matter. When such is the fact, the judgment is conclusive between the same party and those in privity with them, upon all the matters in controversy, which it purports to have decided. But I apprehend the want of jurisdiction may be set up against a judgment, whenever it is attempted to be enforced, as a new and substantive- cause of action, or where a benefit is otherwise incidentally claimed under it.”
In Lesterjette, Ordinary, vs. Executors of Ford, 1 McMullen, 86, note, which was an action on an administration bond against the surety — the principal, (the administrator) was absent from the State — it was attempted to charge the surety upon a decree in Equity, obtained against the absent defendant, by publishing a rule. It was held, that the decree could only operate upon the matter in dispute, on the property of the absent defendant, within the State. In that case, it was said, at page 87, “ for as to the defendant himself, so long as he remains beyond the jurisdiction of this Court, it cannot be enforced by any action on it, in another State.”
From these cases, it may be reduced as a settled principle, that a judgment like the one before us, is,' outside of New York, the same as if no judgment had there ever been pronounced against the defendant, not within her jurisdic *168 tion. ' So considering the case, the party must fall hack on the original cause of action; and tiien there is no doubt, in any way in which it may he put, that the statute of limitations, which is the “lexfori,” is a bar to the plaintiff’s action. The motion is dismissed.
Richardson, Evans, Earle, Butler and Wardlaw, J J., concurred.